IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAREER JASER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-3429-B-BN |
| | § | |
| AT&T SERVICES, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jareer Jaser brings this *pro se* action against his former employer and others. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 13. Jaser has filed a motion for leave to file a fourth-amended complaint. *See* Dkt. Nos. 23 & 25. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court deny the motion(s) without prejudice.

**Applicable Background**

Jaser initially moved for leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. *See* Dkt. No. 5. But, by paying the $400 filing fee – in response to the January 10, 2019 Notice of Deficiency and Order [Dkt. No. 9] – Jaser took away the Court's screening authority under 28 U.S.C. § 1915(e)(2) and assumed the responsibility to "properly serv[e] each defendant with a summons and a complaint in

accordance with Federal Rule of Civil Procedure 4." Dkt. No. 12 (citing FED. R. CIV. P. 4(c), 4(e), 4(d), 4(h), & 4(j); further advising Jaser that, "if proper service is not made – and shown to the Court through a filed proof of service – before the 90th day after the filing of this action (which occurred on December 31, 2018) that is not a Saturday, Sunday, or legal holiday – which, here, will be **April 1, 2019** – this case is subject to dismissal without prejudice unless Plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period" (citing FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b); emphasis in original)).

At the time he assumed the service obligation, Jaser had already filed an amended complaint [Dkt. No. 7] and a second amended complaint [Dkt. No. 8], and the Court had warned him that "further amendment of the complaint will not be allowed unless and until [he] requests and receives leave of the Court under [Federal Rule of Civil Procedure] 15(a)," Dkt. No. 9 at 5 (noting, as applicable then, that "the Court cannot screen a complaint that is a moving target").

The Court granted Jaseer leave to file a third-amended complaint on March 21, 2019, *see* Dkt. No. 20; *see also* Dkt. Nos. 14, 15, 16, & 19.

One week after the third-amended complaint was docketed, Jaseer moved for leave to file a fourth-amended complaint, attaching to that motion a 241-page proposed filing. *See* Dkt. No. 23. Two business days later, he filed a construed second motion for leave to file a fourth-amended complaint, *see* Dkt. No. 25, and he has attached to that motion a separate (213-page) version of the proposed fourth-amended complaint, *see*

Dkt. No. 25-1.

Also on April 1, 2019 – the deadline to do so – Jaser filed a proof of service providing that AT&T was served on March 25, 2019. *See* Dkt. No. 24. The next day, he filed a proof of service concerning several individual defendants. *See* Dkt. No. 27. But it is unclear, based on the returns, which version of the complaint was served on the defendants.

## Legal Standards, and Analysis

When a party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). That is, Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). While leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598. "Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (citation omitted).

> The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. A court may weigh in the movant's favor any prejudice that will arise from denial

>of leave to amend. That consideration arises only if there are substantial reasons to deny the amendment. Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice. Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.

*Id.* (citations omitted); *see also Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("In keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." (citations omitted)); *see, e.g., In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012) (considering these standards to find "that denying leave to amend is appropriate because the proposed joinder of [new defendants] is not the most expeditious way to dispose of the merits of these matters").

Jaser's record of clogging this litigation with ever-changing operative complaints hinders the expeditious disposition of his claims. And continuing to allow him leave to file amended complaints at this point is not the most expeditious way to address those claims.

While Jaser should not be permanently prevented from amending his claims, the Court retains discretion under Rule 15(a) to curtail further amendments at this time – prior to a defendant appearing to address the allegations. *Cf. Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (There is "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment,

-4-

which must weigh competing interests and maintain an even balance."); FED. R. CIV. P. 1 advisory committee's note, 2015 Amendment (noting the amendment of the rule "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way").

The Court should therefore deny Jaser's current request(s) for leave to amend his complaint without prejudice to his filing another motion for leave to amend only after a defendant responds to a version of the complaint Jaser has served on that defendant. And the operative complaint should remain the third-amended complaint filed March 21, 2019 [Dkt. No. 21].

## Recommendation

The Court should deny Plaintiff Jareer Jaser's motions for leave to file a fourth-amended complaint [Dkt. Nos. 23 & 25] without prejudice to Jaser's renewing a request for leave to amend his allegations only after a defendant responds to a version of the complaint Jaser has served on that defendant.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE