IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAREER JASER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-CV-3429-B-BH |
| | § | |
| AT&T SERVICES, INC., ET AL., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendants' Motion to Dismiss and Brief in Support*, filed April 15, 2019 (doc. 37). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

Jareer Jaser (Plaintiff) files this *pro se* suit against his former employer, AT&T Services, Inc. (AT&T), its "Board of Directors, and many of its employees including Brian Christiansen, Pete Schaffer, Diego Pena, Mark Rinkerman, Thomas Goolsby, Terry Welch, John Walsh, Heather Martin, Glen Destugue, Claudia Murga, Sean Cole, Janice King, Lori Simmons, David Lankford, and Randy Hickman (Employee Defendants), alleging wrongful discharge, employment discrimination, violation of his civil rights, various state law claims, and violations of various federal and state criminal and civil statutes.[2] (*See* docs. 3, 21.) He seeks punitive, compensatory, liquidated, and statutory damages; injunctive and declaratory relief; pre-judgment and post-judgment interest; and his reasonable and necessary attorney's fees and costs of suit against all defendants.

---

[1]By *Order of Reference* filed February 13, 2019 (doc. 13), this *pro se* case was referred to the assigned U.S. Magistrate Judge for full case management. After his recusal on June 4, 2019, the case was reassigned. (doc. 72.)

[2]He also sues the City of Dallas (the City) and two police officers with the Dallas Police Department (DPD).

(doc. 21 at 178-79.)³

On December 31, 2018, Plaintiff filed a 113-page complaint asserting 45 causes of action against AT&T and 18 other defendants and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) He filed an amended complaint on January 2, 2019 (doc. 7), and a second amended complaint on January 7, 2019 (doc. 8). After he paid the filing fee on February 2019, the Court issued an order instructing him that "he [was] responsible for properly serving each defendant with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4." (*See* docs. 10, 12.) On March 18, 2019, summons forms were issued for the defendants named in the second amended complaint. (doc. 18.) On March 21, 2019, Plaintiff obtained leave to file a 180-page third amended complaint that contained 1,260 paragraphs, incorporated 310 pages of exhibits, and asserted 65 causes of action against AT&T and 19 other defendants. (*See* docs. 7, 8, 21.)⁴ On April 17, 2019, summons forms were "reissued" for some of the defendants named in the third amended complaint. (*See* doc. 47.)

On April 15, 2019, AT&T, its Board of Directors, and Employee Defendants (collectively, Defendants) moved to dismiss Plaintiff's third amended complaint under Rules 8(a) and 12(b)(6) for violating Rule 8's pleading requirements, and under Rules 12(b)(4) and 12(b)(5) for insufficient process or service of process. (doc. 37.) Plaintiff filed a response on May 21 and May 22, 2019 (docs. 60, 61), and Defendants filed a reply on June 4, 2019 (doc. 69).

---

³Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

⁴On April 17, 2019, the court denied Plaintiff's motion for leave to file a fourth amended complaint. (*See* doc. 44.)

## II. RULE 12(b)(5)[5]

Defendants move to dismiss the claims against the Employee Defendants under Rule 12(b)(5) on grounds that the "form and manner of service" on them are deficient. (doc. 37 at 15.)

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or to the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744-45 (N.D. Tex. 2013) (explaining that Rule 12(b)(5) challenges the method of service). Unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure, a federal court lacks personal jurisdiction over the defendant. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983). The plaintiff has the burden to ensure that the defendants are properly served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "[A] plaintiff's *pro se* status does not excuse any failure to properly effect service of process." *Webb v. Dallas Area Rapid Transit*, No. 3:17-CV-878-M-BN, 2017 WL 4082445, at *2 (N.D. Tex. Aug. 22, 2017), *adopted by* 2017 WL 4023100 (N.D. Tex. Sept. 13, 2017) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

**A.    Service of Process**

Rule 4(e) governs service on individuals and provides that an individual may be served by:

---

[5] Defendants also move to dismiss under Rule 12(b)(4) for insufficient process, but their arguments relate only to Plaintiff's manner or method of service. (*See* doc. 37 at 12-15.) "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 n.3 (5th Cir. 2008) (quoting Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (3d ed. 2004)). Because they only brief their Rule 12(b)(5) arguments, only those arguments are addressed.

>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2) Doing any of the following:
>
>>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Texas law, any person authorized by Texas Rule of Civil Procedure 103[6] may serve process by "(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a). The return receipt must be signed by the addressee for service to be effective. Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (per curiam); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied). Proof of service must be made to the court by the server's affidavit, unless service is made "by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(l)(1); *Webb*, 2017 WL 4082445, at *2.

Here, the second amended complaint alleged that each Employee Defendant "is an individual and may be serv[ed] at AT&T's service of citation 1999 Bryan ST, At Suite 900, Dallas, Dallas County, Texas," (*see* doc. 8 at 11-14), and on March 19, 2019, the Clerk issued and addressed

---

[6] In Texas, process "may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103.

4

summonses for the defendants as named, (*see* doc. 18). On April 17 and April 18, 2019, the Clerk issued summonses for most of the defendants named in the third amended complaint. (docs. 41, 47, 51.)[7] Plaintiff claims that Employee Defendants have been served at least three times on April 1, April 19, and April 25, 2019, and includes copies of the proofs of service and affidavits from his private process server. (*See* docs. 60-1 at 21; 64; 64-1.)

### 1.   *April 1, 2019*

The proofs of service state that on April 1, 2019, the process server personally served each Employee Defendant by leaving copies of the summons and the third amended complaint with CT Corporation. (*See* docs. 64 at 3, 9-11, 13-18; 64-1 at 12.)[8] Personal service is defined as "[a]ctual delivery of the notice or process to the person to whom it is directed." *Impala African Safaris, LLC v. Dallas Safari Club, Inc.*, No. 3:13-CV-2175-G, 2015 WL 5076757, at *3 (N.D. Tex. Aug. 27, 2015) (quoting Black's Law Dictionary (10th ed. 2014)). While the third amended complaint identifies CT Corporation's address as the address for each Employee Defendant, it contains no allegation that CT Corporation was the authorized agent for service of process for those individuals. (*See* doc. 21 at 11-13.) Nor has Plaintiff shown that it was authorized to accept service on behalf of Employee Defendants in accordance with Rule 4(e)(2)(C). *See Cross v. City of Grand Praire*, No. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998) (finding attempted service on a non-party individual did not comply with Rule 4(e)(2)(C) because the complaint included no allegation that the non-party individual was defendant's authorized agent). The attempted service

---

[7]Although the summonses did not state the addresses for Employee Defendants, the third amended complaint provides the same addresses listed in the second amended complaint. (*See* doc. 21 at 11-13.)

[8]Plaintiff provides proofs of service for Schaffer, Rinkerman, Goolsby, Welch, Walsh, Martin, Murga, Cole, King, Simmons, Lankford, and Hickman. (*See* docs. 64 at 3, 9-11, 13-18; 64-1 at 12.)

on April 1, 2019, did not comply with Rule 4.

### 2. *April 19, 2019*

The process server affidavit states that on April 19, 2019, Plaintiff and the process server dropped off copies of the summonses and third amended complaint for most of the Employee Defendants "in front of the retail store at AT&T headquarter[s] 208 S. Akard St., Dallas, Texas 76052." (*See* doc. 64 at 2.) Plaintiff also files the proof of service of this attempt.[9] (*See* doc. 64 at 20.) "It is well settled that a defendant's place of employment does not qualify as his 'abode' or 'dwelling house.' " *Cross*, 1998 WL 133143, at *6 (citations omitted).[10] Additionally, summons cannot be served by an interested party in the suit. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.") (emphasis added); Tex. R. Civ. P. 103 ("But no person *who is a party to* or interested in the outcome of a suit may serve any process in that suit") (emphasis added). The attempted service on April 19, 2019, did not comply with Rule 4.

### 3. *April 25, 2019*

The proof of service indicates that on April 25, 2019, the private process server personally served copies of the summonses and third amended complaint for most of the Employee Defendants at an address associated with the law firm for AT&T's outside counsel, but it does not identify the

---

[9]The proof of service identifies the served Employee Defendants as Rinkerman, Goolsby, Welch, Walsh, Martin, Destugue, Murga, Cole, King, Simmons, Lankford, and Hickman. (*See* doc. 64 at 20.)

[10]While Rule 106(b) of the Texas Rules of Civil Procedure does allow the plaintiff to attempt substitute service at the defendant's usual place of business, such service can be made only upon motion supported by affidavit specifically stating the location at which the defendant can probably be found. Tex. R. Civ. P. 106(b). Plaintiff has filed no such motion in the present action. *See Cross*, 1998 WL 133143, at *6.

6

individual who actually received service. (*See* doc. 64 at 19.)[11]  As noted, a complaint must be actually delivered to the named person for personal service to be effective. *See Impala African Safaris, LLC*, 2015 WL 5076757, at *3; *see, e.g., United States v. Irigoyen*, No. C-06-288, 2006 WL 3513807, at *1 (S.D. Tex. Dec. 5, 2006) ("The Federal Rules of Civil Procedure require that the summons and complaint be delivered to the defendant personally. Because the process server handed the documents to someone other than the defendant, personal service was not accomplished.") (internal citation omitted).  Moreover, "service of process is not effectual on an attorney solely by reason of his capacity as attorney." *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971); *see also Winegarner v. Cinemark USA*, No. 3:08-CV-2232-N, 2009 WL 3199508, at *4 (N.D. Tex. Oct. 5, 2009) ("[N]either the federal nor the state rules permit service of process to be effected by serving an attorney who represents a defendant.").  Absent express or implied authorization, an attorney is not considered an authorized agent for service of process. *See Chalmers v. City of Dallas*, No. 3:14-CV-36-N, 2014 WL 1778192, at *2 (N.D. Tex. May 5, 2014) (citations omitted).  The attempted service on April 25, 2019, did not comply with Rule 4.

Plaintiff has not shown that any of the Employee Defendants were personally served, that service was accomplished at their residences, or that CT Corporation or the law firm for AT&T's outside counsel were authorized to accept service on their behalf in accordance with Rule 4(e)(2)(C).[12]

---

[11] The proof of service identifies the served Employee Defendants as Pena, Rinkerman, Goolsby, Welch, Walsh, Martin, Destugue, Murga, Cole, King, Simmons, Lankford, and Hickman. (*See* doc. 64 at 19.)

[12] While the docket entry indicates that Christiansen was served on April 1, 2019 (*see* doc. 27), Plaintiff has not filed a proof of service or other evidence showing that he has been served.

7

B.       **<u>Additional Opportunity to Serve</u>**

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "[W]hen the time to effect service has expired," as in this case, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted); *see also* Fed. R. Civ. P. 4(m).  Relevant factors for a court to consider in exercising its discretion to quash service or dismiss the complaint include a plaintiff's *pro se* status and good faith attempt to effect service. *See Monroe v. Texas Util. Co.*, No. 3:01-CV-1012-D, 2002 WL 413866, at *2-3 (N.D. Tex. Mar. 11, 2002).  "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).[13]

To demonstrate "good cause" for his failure to properly serve process on Employee Defendants, Plaintiff responds that when he originally filed the lawsuit, he emailed the legal department at AT&T to request waiver of service and asked "if the address regarding the AT&T employees require updating." (doc. 60-1 at 20.)  He sent similar emails after amending his complaint, but never received a "response or instructions telling him that his methods or the address [he] sent the complaint to be incorrect." (*Id.* at 21.)  He contends that it was implied that the same attorney representing AT&T would also be representing Employee Defendants. (*Id.*)  He has also

---

[13]When the 90–day deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service. *See Grant–Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002) (under prior version of Rule 4(m)).  Alternatively, the court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *Chapman*, 2011 WL 2078641, at *1; *Shabazz v. Serv. Emps. Int'l Union*, No. 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citation omitted).

8

made several attempts to serve the Employee Defendants.

As noted, "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *See Chalmers*, 2014 WL 1778192, at *2. Nevertheless, Plaintiff appears to have made a good faith effort to serve Employee Defendants by mailing waivers of service to their employer's legal department and by engaging a private process server. (*See* docs. 64, 64-1.) In *Monroe*, the district court determined that the plaintiff should receive assistance with effecting proper service in order to avoid further delays and unnecessary expense. *See* 2002 WL 413866, at *3. Plaintiff should likewise be provided with an additional opportunity to properly serve Employee Defendants under the Federal Rules of Civil Procedure. *See Monroe*, 2002 WL 413866, at *3; *see also Grant-Brooks*, 2002 WL 424566, at *4 ("dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant'") (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)).

Unless otherwise agreed by the parties in writing, within fourteen days of the date of this recommendation, AT&T shall provide Plaintiff with the addresses and phone numbers of all Employee Defendants so that he may attempt to either contact them individually to coordinate personal service or provide them waivers of service of summons, or to have them personally served individually. Defendants are reminded that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).

The district clerk shall send Plaintiff a Waiver of Service of Summons form. Fed. R. Civ. P. App., Form 1A. Plaintiff shall send two copies of this waiver form and a copy of his third amended complaint by first class mail to each Employee Defendant. If an Employee Defendant

9

waives service, Plaintiff shall promptly file the executed waiver form with the district clerk. If an Employee Defendant fails to return the executed waiver of service form to Plaintiff within 30 days after receipt, Plaintiff shall serve that defendant with a summons and a copy of the third amended complaint either personally or by certified or registered mail. Plaintiff must file each Employee Defendant's executed waiver form or proof of service with the district clerk by April 6, 2020. Failure to obtain proper service for every defendant by this deadline may result in the dismissal of any unserved defendant. Defendants' motion to dismiss under Rule 12(b)(5) should be denied.

### III. RULES 8 & 12(b)(6)

Defendants also move to dismiss Plaintiff's third amended complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (doc. 37 at 6-12.)

Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In turn, Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.[14] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is

---

[14]"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or her] claim[s]." *Collins*, 224 F.3d at 499 (citation omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Here, Plaintiff attaches the charge of discrimination, emails and other correspondence between him and AT&T, and other documents. (*See* doc. 21-1.) Because these documents are attached to his third amended complaint, they are considered part of the pleadings. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498.

well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

      "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is *plausible on its face*." *Id.* at 570 (emphasis added).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 ((noting that "[d]etermining whether a complaint states a plausible

11

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

As discussed, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Wright & Miller § 1217, at 169 (2d ed. 1990)). "[W]hat constitutes a 'short and plain statement' for purposes of Rule 8 depends on the circumstances and the type of case; and, the district court should be given great leeway in determining whether a party has complied with the rule." *Jumonville v. Dep't of Treasury*, 50 F.3d 1033 (5th Cir. 1995) (citations and internal quotations omitted).

"Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading, but it does not specify the conditions of its substantive adequacy, that is, its legal merit." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385-86 (5th Cir. 2017) (citing *Bank of Abbeville & Tr. Co v. Commonwealth Land Title Ins. Co*, 201 F. App'x 988, 990 (5th Cir. 2006) (internal quotation marks and citation omitted)). Nevertheless, "a Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8." *Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990 (5th Cir. 2006) (citation omitted). While a court has the discretion to dismiss a complaint that fails to comply with Rule 8's formal pleading requirements, the dismissal should be without prejudice unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the

12

allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see, e.g., Moore v. Mississippi Gaming Comm'n*, No. 1:15-CV-00013-DMB, 2015 WL 13019615, at *6 (N.D. Miss. Nov. 2, 2015) ("When a court dismisses a complaint on the basis of a failure to comply with Rule 8, it is generally appropriate to provide the plaintiff an opportunity to remedy the pleading deficiencies through the filing of an amended complaint.").

### A. Verbosity of Complaint

Defendants argue that the 180-page third amended complaint "constitutes a flagrant violation of [] Rule 8" and should be dismissed under Rule 12(b)(6) because responding to the "'prolix' [c]omplaint . . . would place a monumental burden on AT&T and this Court." (doc. 37 at 2.)

"The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (citation omitted). "Even *pro se* plaintiffs must recognize Rule 8's vision for a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims." *Sewraz v. Guice*, No. 3:08-CV-35, 2008 WL 3926443, at *1 (E.D.Va. Aug. 26, 2008) (citations omitted), *aff'd by* 318 F. App'x 228 (4th Cir. 2009). Nevertheless, "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 947 (S.D. Tex. 2014) (quoting *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008)). As explained by the Fifth Circuit,

> Brevity is certainly desirable in order that the time of court and counsel may be conserved and the cost of printing minimized. But such considerations do not rank in importance with the right and the duty of a litigant to present his demands through counsel of his own choosing and in a style and form of expression which represent

> the attorney's honest effort to present the claims according to his own notions of their merits and their strong and weak points.

*Atwood v. Humble Oil & Ref. Co.*, 243 F.2d 885, 888 (5th Cir. 1957).  While the Fifth Circuit has recognized that "[t]here may be cases in which mere verbosity or repetition would justify final dismissal," *id.* at 889, those cases involve complaints that are "essentially incomprehensible" as to the claims stated, *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1219 (5th Cir. 1989).  For example, in *Gordon v. Green*, 602 F.2d 743, 744-45 (5th Cir. 1979), the Fifth Circuit found the consolidated complaints consisting of "over 4,000 pages, occupying 18 volumes, and requiring a hand truck to move" should have been dismissed for violating Rule 8.

Plaintiff's 180-page third amended complaint contains 1,260 paragraphs, incorporates 310 pages of exhibits, and asserts 65 causes of action against AT&T and 19 other defendants.  (*See* doc. 21.)  While it is far from a model of brevity or clarity, its length alone does not violate Rule 8(a), particularly in the context of a multi-party, multi-claim lawsuit.  *See Jumonville*, 1995 WL 136507, at *2; *see also Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("Brevity must be calibrated to the number of claims and also to their character, since some require more explanation than others to establish their plausibility . . . .") (citations omitted).  As noted, Rule 8(a)(2) requires only "a short and plain statement of the *claim* showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  Notably, it is well below the 4,000 page complaint that was dismissed in *Gordon*.  *See Gordon,* 602 F.2d at 744-45.

The third amended complaint is clearly written, logically organized, and clearly reveals the nature of Plaintiff's legal claims–each of which lists the allegedly liable defendants and its legal basis**.**  (*See* doc. 21.)  Although it asserts 65 separate causes of action against 20 defendants, Plaintiff separately labels his claims, and for the most part, clearly identifies them and the defendants to

14

which they relate–often in only one or two pages per claim.  (*Id.* at 86-180.)  Because the third amended complaint provides Defendants with fair notice of the claims against them, it should not be dismissed on the basis of its length or verbosity.  *See Atwood*, 243 F.2d at 889; *see also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (overturning district court's dismissal of a lengthy complaint on Rule 8 grounds when it was not "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised" (internal quotation omitted)).

**B.    Indecipherable Claims**

Defendants generally argue that some of Plaintiff's causes of action are "indecipherable" or are not "directed at any of the 20 defendants."  (*See* doc. 37 at 7-8.)

Defendants contend that cause of action 49 for "Unlawful Access to Further a Scheme to Defraud" in violation of 18 U.S.C. § 1030(a)(4), is "indecipherable" because it includes factual allegations about a scheme to defraud that are "nothing more than vague, conclusory, and unintelligible ramblings that have nothing to do with the stated cause of action" and "does not identify at whom among the 20 defendants these allegations are aimed."  (*Id.* at 7.)  They appear to argue that this claim contains superfluous factual detail, but "[t]oo much factual detail is not grounds for dismissal without an assertion that the complaint fails to set forth a cognizable cause of action, that the legal theories are incoherent, or that the defendant cannot tell which causes of action are alleged against which defendants." *Allen v. M Resort, LLC*, No. 2:11-CV-612 JCM GWF, 2011 WL 2418622, at *2 (D. Nev. June 14, 2011) (citing *Hearns*, 530 F.3d at 1130); *see also Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable. Surplusage can and should be ignored.").  The heading for this cause of action identifies named defendants Murga, Schaffer, Rinkerman, and Walsh, and it appears that Plaintiff

15

believes the additional information is necessary background for his § 1030(a)(4) claim. *See Roublow v. Principi*, No. CIV.A. 04-1401, 2005 WL 757356, at *2 (E.D. La. Mar. 30, 2005) (finding a complaint "with some needless language" did not warrant dismissal under Rule 8 because it "caused no confusion to Defendant regarding the nature of the complaint and what it alleges"); *see also Hinchey v. Horne*, No. CV-13-0260 PHX DGC, 2013 WL 1664704, at *1-2 (D. Ariz. Apr. 17, 2013) (explaining that unnecessary factual details do not make a complaint "replete with redundancy and largely irrelevant") (citation omitted). Defendants also contend that the factual allegations for cause of action 23 for intentional infliction of emotional distress only refers to a single unknown defendant. (doc. 37 at 8.) When considering the third amended complaint in its entirety, however, it appears to assert this claim against all defendants. (*See* doc. 21.)

Because the third amended complaint provides Defendants sufficient notice of both claims, they comport with the minimal pleading requirements of Rule 8. *See Torralba v. Chertoff*, No. CIV. A. L-08-83, 2009 WL 150862, at *1 (S.D. Tex. Jan. 21, 2009) (denying motion to dismiss under Rule 8 and rejecting defendant's argument that "he is somehow burdened by Plaintiff's pleading of too many facts").[15]

## C.   **Duplicative Claims**

Defendants generally argue that some of Plaintiff's causes of action are "duplicates of other causes of action elsewhere in the complaint." (*See* doc. 37 at 7-8.) They first claim that causes of

---

[15]Defendants also note that the third amended complaint asserts some causes of action against "individuals who are not even named as defendants in the operative complaint." (doc. 37 at 8.) Although such claims and allegations appear superfluous, they do not render the third amended complaint unintelligible as to the claims asserted against the named defendants. *See Allen*, 2011 WL 2418622, at *2 (denying motion to dismiss *pro se* complaint even though it expressed "random feelings, unsupported personal characterizations and conclusions and irrelevant workplace rumors"); *see also Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (explaining that a district court is not "authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading").

action 5 and 6 are the same claim for fraudulent misrepresentation, (*see id.* at 7), but each cause of action cites and incorporates the relevant subsection in the factual background section, which is clearly labeled and identifiable, (*see* doc. 21 at 27-28, 59, 92-95). They also claim that causes of action 46 and 47 for violations of the Stored Communications Act, 18 U.S.C. § 2701, are duplicative, (*see* doc. 37 at 7-8), but each cause of action is based on separate incidents and alleges different facts, (*see* doc. 21 at 143-49). Because these causes of action are not dupilcative, they do not violate Rule 8.

The third amended complaint is not "essentially incomprehensible" as to whether claims are stated. *Old Time Enters., Inc.*, 862 F.2d at 1219. While some of the claims in the third amended complaint may be defective and ultimately lack merit, it provides Defendants sufficient notice of the claims against them.[16] Accordingly, Defendants' motion to dismiss under Rules 8(a) and 12(b)(6) should be denied.

## IV. RECOMMENDATION

Defendants' motion to dismiss should be **DENIED**.

**SO RECOMMENDED** on this 3rd day of February, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[16]Defendants' 12(b)(6) motion focuses on the adequacy of the formal pleading rather than the substantive merits; the court expresses no opinion on the merits of the claims.

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                          */s/ Irma Carrillo Ramirez*
                                                                        IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE