UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAREER JASER, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL CASE NO. 3:18-CV-3429-B-BH |
| AT&T SERVICES INC., et al., | § § § | |
| Defendants. | § § | |

## ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Findings, Conclusions, and Recommendation (FCR) (Doc. 106) on Defendants' Motion to Dismiss and Brief in Support. (Doc. 37). Also before the Court is Defendants' Objections to the Magistrate Judge's Recommendation and Brief in Support, filed on February 3, 2020 (Doc. 108). After an independent review of the record and the relevant filings, the Court **SUSTAINS** Defendants' objections to the FCR. Accordingly, the FCR is **ACCEPTED in part** and **REJECTED in part**, as explained in greater detail below.[1]

### I.
### LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) requires the district court to review de novo the portions of a magistrate judge's recommendation regarding dispositive motions to which a party has

---

[1] The Court incorporates the FCR's discussion of the facts into this Order. *See* Doc. 106, FCR, 1–2.

properly objected. Fed. R. Civ. P. 72(b)(3). Based on its review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II.

## ANALYSIS

In their motion to dismiss, Defendants raise two grounds for dismissal: (1) that Plaintiff failed to properly serve AT&T's Board of Directors and Employee–Defendants (referred to together below as "Employee Defendants")[2] under Rule 12(b)(5); and (2) that Plaintiff failed to comply with Rule 8(a)(2) because his operative complaint is too verbose, indecipherable, and duplicitous to state a claim for relief. Doc. 37, Defs.' Br., 2. In her FCR, the magistrate judge recommended that Defendants' motion to dismiss be denied on both grounds. Doc. 106, FCR, 1. Defendants timely objected to the magistrate's FCR and reassert that dismissal is proper under both grounds. *See* Doc. 108, Defs.' Obj.

After conducting an independent review of the pleadings and records in this case, and the findings and recommendation of the magistrate judge, the Court rules as follows.

A. *Defendants' Objections*

    1.    <u>Dismissal based on service of process</u>

The Court first addresses Defendants' objections related to the form and manner of service. To start, the Court notes that the magistrate judge in fact agreed with Defendants that Plaintiff failed

---

[2] The Employee–Defendants include: Brian Christiansen, Pete Schaffer, Diego Pena, Mark Rinkerman, Thomas Goolsby, Terry Welch, John Walsh, Heather Martin, Glen Destugue, Claudia Murga, Sean Cole, Janice King, Lori Simmons, David Lankford, and Randy Hickman. *See* Doc. 106, FCR, 1.

to show—after three attempts—that any of the Employee Defendants were properly served with a summons and a copy of the complaint. Doc. 106, FCR, 5–7. However, the magistrate found that Plaintiff demonstrated "good cause" for his failure to serve and thus recommended that he be afforded another opportunity to properly effectuate service. *Id.* at 8–9. To aid him in accomplishing service, the magistrate concluded that "AT&T shall provide Plaintiff with the addresses and phone numbers of all Employee Defendants[.]" *Id.* at 9.

Defendants object to both the magistrate's finding of good cause and to her requirement that AT&T provide the home addresses and contact information of the Employee Defendants. Doc. 108, Defs.' Obj., 10–14. Reviewing the magistrate's recommendation de novo, the Court finds that Plaintiff has not shown good cause for his failure to serve the Employee Defendants in a timely manner; the Court thus rejects this portion of the magistrate's recommendation. And as a result, the Court necessarily rejects the magistrate's conclusion that AT&T must provide home addresses and phone numbers for the Employee Defendants to Plaintiff.[3]

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *Moody Nat'l Bank, N.A. v. Bywater Marine, L.L.C.*, 544

---

[3] Because neither party objected to the magistrate's finding that Plaintiff's three attempts at effectuating service were improper, the Court reviews this conclusion for plain error. *See Seys v. Doucet*, 2014 WL 5454837, at *1 (N.D. Tex. Oct. 27, 2014). And, after conducting such review, the Court finds no error in this conclusion.

F. App'x 384, 386 (5th Cir. 2013) (per curiam) (quoting *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam)). Because Defendants challenged service, it is Plaintiff's burden to show "good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotations and citation omitted). "Proof of good causes requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Further, courts in this circuit typically require the serving party to show "good faith" and "some reasonable basis for noncompliance within the time specified[.]" *Id.* (quoting *Winters*, 776 F.2d at 1306)). "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Id.* at 512 (internal citations omitted).

To start, the Court rehashes Plaintiff's failed attempts at service. First, on February 12, 2019, after Plaintiff paid his filing fee, the magistrate judge ordered that he "must serve each defendant in compliance with the applicable provision of Rule 4[.]" Doc. 12, Order, 1. The Court further "advise[d] Plaintiff that, if proper service is not made—and shown to the Court through a filed proof of service before 4/1/2019—this case is subject to dismissal without prejudice" unless he could show good cause for his failure. *Id.* at 1–2. The Clerk issued summons twice: first on March 19, 2019, for the Employee Defendants listed in the second amended complaint; and second on April 17, 2019, for most of the Employee Defendants listed in the third amended complaint. Doc. 106, FCR, 4–5. The address Plaintiff provided in his complaints for each of these defendants was AT&T's registered agent for service in Dallas, Texas. *Id.* (citing Doc. 8, Second Am. Compl., 11–14; Doc. 18, Summons).

Plaintiff claims he properly served the Employee Defendants three times. *Id.* at 5. The first was on April 1, 2019: Plaintiff left copies of the summonses and third amended complaint with CT Corporation, AT&T's authorized agent for service of process. *Id.* (citing Doc. 64, Proof of Service). However, Plaintiff failed to allege in his complaint that CT Corporation was authorized to accept service for the Employee Defendants; nor did Plaintiff show that CT Corporation was authorized to accept service on behalf of the Employee Defendants in accordance with Rule 4(e)(2)(C). *Id.* (citing *Cross v. City of Grand Prairie*, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998)). The magistrate judge thus concluded, and this Court agrees, that this attempted service failed to comply with Rule 4. *Id.* at 5–6.

Next, on April 19, 2019, Plaintiff and his process server attempted to serve most of the Employee Defendants by dropping off copies of the summonses and complaint "in front of the retail store at AT&T headquarter[s] 208 S. Akard St., Dallas, Texas 76052." *Id.* at 6 (citing Doc. 64, Proof of Service, 2). The magistrate found that this attempt also did not comply with Rule 4 because "a defendant's place of employment does not qualify as his 'abode' or 'dwelling house,'" *id.* (citing *Cross*, 1998 WL 133143, at *6), and because "summons cannot be served by an interested party in the suit." *Id.* (citing Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103).

Finally, on April 25, 2019, Plaintiff's process server personally served copies of the summonses and complaint for most of the Employee Defendants at a law firm associated with AT&T's outside counsel. *Id.* at 6–7 (citing Doc. 64, Proof of Service, 19). The magistrate found that this attempt likewise failed because there was no indication of *who* actually received service and because service via a party's attorney is generally not effective, absent "express or implied authorization." *Id.* (citing, *inter alia*, *Chalmers v. City of Dallas*, 2014 WL 1778192, at *2 (N.D. Tex. May 5, 2014)).

In sum, the magistrate judge found that Plaintiff failed to properly serve the Employee Defendants on three separate occasions. In fact, Plaintiff appeared to serve several individuals not named in his operative complaint. *See* Doc. 27, Proof of Service. Nonetheless, the magistrate judge concluded that Plaintiff should be afforded a fourth opportunity at service.

Based on Plaintiff's numerous squandered opportunities to properly serve the Employee Defendants and his failure to show good cause, the Court disagrees with the magistrate's recommendation. *See McGowan v. Nielsen*, 2019 WL 6702646, at *2 (N.D. Tex. Oct. 28, 2019) ("[B]ecause Plaintiff has had numerous opportunities to properly serve Defendants and has failed to show good cause for his failure to do so, no additional extension of time is warranted, and dismissal of this case is appropriate.").

As Defendants note in their objections, Plaintiff has made no effort to comply with the federal rules in his previous attempts to serve the Employee Defendants. Doc. 108, Defs.' Obj., 10–11. Additionally, Plaintiff has, on multiple occasions, attempted to serve people not named in his third amended complaint. *Compare* Doc. 27, Proof of Service (stating that service was executed on Dan Fete, Jeff Freeman, David Huntley, Bob Reed, Tony Schafer, Laurent Therival, and Jeff Rancher) *with* Doc. 21, Third Am. Compl. (failing to name these individuals as defendants).

And the Court does not agree that Plaintiff has shown "good cause" for failing to serve the Employee Defendants. *See* Doc. 106, FCR, 8–9. As stated above, "good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence . . . or ignorance of the rules usually does not suffice." *Thrasher*, 709 F.3d at 511 (quotation marks and citation omitted). Moreover, to establish good cause, Plaintiff should also show that he has acted in "good faith." *Id.*

The Court finds that Plaintiff has shown neither. First, Plaintiff's excuse for his failed attempts is that he sought a waiver of service from AT&T's attorney and asked AT&T's legal department "if the address regarding the AT&T employees require updating." Doc. 106, FCR, 8 (citing Doc. 60-1, Pl.'s Resp., 20). But this does not show why his failure to comply with the federal rules in his service attempts should be considered excusable; instead, it merely shows inadvertence and ignorance of the rules of service. *See Thomas v. Johnson*, 2007 WL 851204, at *1–2 (N.D. Tex. Mar. 21, 2007) (dismissing complaint without prejudice because the plaintiff demonstrated "nothing more than mere ignorance of his obligations" relating to service). Moreover, Plaintiff was on notice that if he did not serve Defendants in accordance with the proper rules of procedure or show good cause for his failure, his complaint would be subject to dismissal without prejudice. *See* Doc. 12, Order, 1–2.

Second, the Court finds that Plaintiff has failed to show good faith throughout the course of this case, as detailed in its previous orders. *See* Doc. 54, Order Prohibiting Pl. from Contacting Courtroom Deputy; Doc. 76, Order ("Because the plaintiff has clearly violated the Court's order [to not file further amended pleadings] . . . he is hereby ORDERED to refrain from filing any further motions, pleadings or documents of any type . . . ."); Doc. 86, Electronic Order ("If [Plaintiff] files any more frivolous or malicious motions, he will be subject to sanctions."); Doc. 98, Order Barring Electronic Filing Access, 3 ("Based on the plaintiff's continued violation of court orders, *escalating behavior, and threatened attack on the Court's email system*, his Northern District of Texas electronic filing credentials are hereby revoked[.]" (emphasis added)).

Thus, the Court finds that Plaintiff has not shown good cause for failing to properly serve the Employee Defendants. As such, the Court declines to afford him another opportunity to properly

effect service upon them. The Court thus **SUSTAINS** Defendants' objections and **REJECTS** the magistrate judge's FCR on this ground. Accordingly, the Court **DISMISSES** Plaintiff's claims against the Employee Defendants**.** Without prejudice.

  2.  Dismissal based on noncompliance with Rule 8

Defendants' second objection is to the magistrate judge's finding that Plaintiff's operative complaint complied with Rule 8's "short, plain statement" requirement. Doc. 108, Defs.' Obj., 5. The magistrate found that the length of the complaint alone did not violate Rule 8(a); that, in its entirety, the complaint is sufficiently comprehensible; and that Plaintiff's causes of action are not duplicative. Doc. 106, FCR, 10–17. In their objections, Defendants maintain that Plaintiff's 180-page complaint (almost 500 pages total with attachments), is too long and incomprehensible. Doc. 108, Defs.' Obj., 5. The Court reviews this portion of the FCR de novo. Fed. R. Civ. P. 72(b)(3).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). "The court's review [under Rule 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (emphasis added) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted)).

The "underlying purpose of Rule 8" is to "[e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (quoting *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)). "When a complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action for 'failure to state a claim upon which relief can be granted.'" *McManaway v. KBR, Inc.*, 906 F. Supp. 2d 654, 660 (S.D. Tex. 2012) (quoting Fed. R. Civ. P. 12(b)(6)). Because Plaintiff is proceeding pro se, his complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Johnson v. Dodson*, 2014 WL 4513380, at *3 (N.D. Tex. Sept. 12, 2014) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). However, "[c]onvoluted, disjointed, and conclusory complaints . . . typically cannot survive a motion to dismiss under Rule 12(b)(6)." *Id.* at *4. District courts have "great leeway in determining whether a party has complied with Rule 8." *Kluksdahl v. Loyola Univ. of New Orleans*, 2016 WL 4261732, at *1 (E.D. La. Aug. 12, 2016) (quoting *Gordon*, 602 F.2d at 745–46).

Defendants contend that the magistrate judge erred in failing to dismiss Plaintiff's 180-page complaint, which includes sixty-five separate causes of action against twenty defendants and a 310-page attachment. Doc. 108, Defs.' Obj., 2. Defendants argue that the length of the complaint alone is not the issue, as the magistrate judge found, see Doc. 106 FCR, 13; rather, they assert that Plaintiff's complaint as a whole is "non-sensical and indecipherable." Doc. 108, Defs.' Obj., 2. Defendants point to the following claims in Plaintiff's complaint as examples: "Unlawful Access to Further a Scheme to Defraud"; "Compelled Self Publication Defamation"; "1st Amendment (freedom of speech and association)"; "Criminal Wiretap Claim"; "Civil Wiretap Claim"; and "Personal Injury." *Id.* Additionally, Defendants complain that many of Plaintiff's "causes of action

appear to be aimed at unidentified defendants, or at defendants who are *not named in the operative Complaint*." *Id.* (emphasis in original). For these reasons, Defendants conclude that the complaint is "unduly burdensome for AT&T to answer; it clearly violates the Federal Rules of Civil Procedure, and the case law supports dismissal." *Id.* at 6. As for case law, Defendants criticize the magistrate judge's reliance on *Gordon v. Green*, a Fifth Circuit case that affirmed the dismissal of consolidated complaints that totaled over 4000 pages in length. *Id.* at 5–6; *see* Doc. 106, FCR, 14 (discussing *Gordon*, 862 F.2d at 744–45).

Reviewing the magistrate's FCR de novo, the Court agrees with Defendants that Plaintiff's complaint does not comply with Rule 8. While the Court can conclude that Plaintiff is generally alleging a case based on employment discrimination and wrongful termination, Plaintiff's allegations devolve into a litany of conspiracy- and fraud-related accusations that rely on the "haphazard combination[] of legal terms" and that are vague as to *who* is implicated in each specific action. *See McZeal v. J.P. Morgan Chase Bank, NA*, 2014 WL 3166715, at *6 (E.D. La. July 7, 2014); *see also, e.g.*, Doc. 21, Third Am. Compl., 102–03, 113–14 (naming individuals in conspiracy who are not named as Defendants); 115–17 (implicating unspecified "defendant" in Intentional Infliction of Emotional Distress claim for "all the above acts"); 117–18 (alleging general negligence against named and unnamed Defendants). Further, the Court finds the operative complaint is far too lengthy and repetitious—while the magistrate judge is right that the complaint is much shorter than the 4000-page consolidated complaint that the *Gordon* court dismissed as a matter of law, *see* Doc. 106, FCR, 14, Defendants are also correct in noting that *Gordon* did not set a floor for Rule 8 compliance. Indeed, courts in this circuit have dismissed complaints that are similar in length to the one here, especially when they are overly repetitious and difficult to follow. *See Kulksdahl*, 2016 WL 4261732,

at *1–2 (dismissing 130-page complaint because of "rambling, scattered arguments and factual allegations which unquestionably" violated Rule 8 (citing *Gordon*, 602 F.2d at 745–76)); *McZeal*, 2014 WL 3166715, at *6 (dismissing 57-page complaint that was "written in an impenetrably dense, jargon-laden, and largely incomprehensible prose," and used "haphazard combinations of legal terms to make conclusory statements about" the defendants' behavior); *Muniz v. Medtronic, Inc.*, 2014 WL 1236314, at *2 (W.D. Tex. Mar. 20, 2014) (dismissing 77-page complaint for failing to comply with Rule 8).

At bottom, as stated above, district courts have "great leeway in determining whether a party has complied with Rule 8." *Kluksdahl*, 2016 WL 4261732, at *1 (quoting *Gordon*, 602 F.2d at 745–46). And here, the Court finds that the circumstances warrant dismissal of Plaintiff's complaint with one final opportunity to file an amended pleading. Plaintiff's serial fillings, the Court's repeated warnings, and Plaintiff's flagrant noncompliance with Court orders all justify this conclusion. This includes Plaintiff's attempts to file additional amended complaints that are even greater in length, despite multiple Court orders prohibiting from doing so. *See, e.g.*, Doc. 76, Order.

In sum, the Court dismisses Plaintiff's third amended complaint. However, the Court grants Plaintiff leave to file an amended complaint that comports with Rule 8's "short and plain statement" requirement and that does not exceed fifteen (15) pages in length. The Court believes this limitation is realistic given the Court's recent orders dismissing parties from the case. *See* Doc. 103, Order Accepting FCR (dismissing City of Dallas and Tony Black with prejudice). The Court warns Plaintiff that failure to comply with this Order may very well result in dismissal of his case with prejudice.[4]

---

[4] *See Barnes v. Tumlinson*, 597 F. App'x 798, 798–99 (5th Cir. 2015) (per curiam) (affirming district court's dismissal of case with prejudice where plaintiff did not comply with court order to file amended

The Court clarifies its holding below, with specific instructions for Plaintiff.

## III.

## CONCLUSION

Based on the foregoing, the Court **SUSTAINS** Defendants' objections (Doc. 108) to the magistrate judge's FCR (Doc. 106). It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 106) is **ACCEPTED** insofar as the magistrate judge held that Plaintiff failed to properly effectuate service on the Employee Defendants. However, the FCR is **REJECTED** as to its denial of Defendants' motion to dismiss Plaintiff's third amended complaint based on Plaintiff's failure to properly serve Defendants and the complaint's compliance with Federal Rule of Civil Procedure 8. After conducting a de novo review, the Court **GRANTS** Defendants' motion to dismiss (Doc. 37). Thus, the Employee–Defendants and the Board of Director Defendants are **DISMISSED** from this case based on Plaintiff's failure to properly serve them. Further, the Court **DISMISSES** Plaintiff's third amended complaint (Doc. 21) **WITHOUT PREJUDICE**.

Additionally, the Court **GRANTS** Plaintiff leave to file a fourth amended complaint that strictly complies with the following: (1) Plaintiff's fourth amended complaint must not exceed **fifteen (15) pages**; (2) Plaintiff's fourth amended complaint must comply with Federal Rule of Civil Procedure 8; (3) Plaintiff's fourth amended complaint must comply with the formatting rules of this district, see Northern District of Texas Local Rule 10.1; and (4) Plaintiff shall have **thirty (30) days** from the date of this Order, *i.e.* up to and until **April 20, 2020**, to file his fourth amended complaint.

---

complaint not to exceed 30 pages); *see also Kluksdahl*, 2016 WL 4261732, at *1–2 (dismissing complaint under Rule 8 with leave for Plaintiff to file an amended complaint not to exceed 20 pages).

The Court warns Plaintiff that he will not receive another opportunity to comply with this Order—failure to comply with this Order may result in sanctions, including the likely dismissal of all Plaintiff's claims with prejudice and without further notice.

The standing order of reference to the magistrate judge remains in place. *See* Doc. 13, Standing Order of Reference; *see also* Doc. 72, Court Request for Recusal (reassigning case to Magistrate Judge Ramirez).

**SO ORDERED.**

**SIGNED: March 23, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE